IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher R. Anderson,<br><br>           Petitioner,<br><br>v.<br><br>Jason Gunther,<br><br>           Respondent. | No. CV-25-00719-PHX-SPL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

    On June 11, 2021, the United States District Court for the Western District of Texas convicted Petitioner of the offense of Possession with Intent to Distribute Five Grams or More of Actual Methamphetamine and sentenced Petitioner to a 96-month prison term. (Doc. 14-1 at 28-29.) On April 26, 2022, Petitioner was committed to the custody of the Federal Bureau of Prisons at the Federal Correctional Institution-Phoenix.

    Pending before the Court are Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (the "Petition") (Doc. 1) and Respondent's Answer (Doc. 14). For the reasons explained herein, the undersigned recommends that the Court deny the Petition (Doc. 1).

**I. BACKGROUND**

    On January 16, 2021, Petitioner was arrested in Odessa, Texas and charged with various state offenses in Ector County, Texas. (Doc. 14-1 at 3, 13.) On January 20, 2021,

the Texas Parole Division issued and executed an arrest warrant against Petitioner for a parole violation. (*Id.* at 3, 21.) On January 25, 2021, while in state custody, Petitioner was taken into temporary federal custody by the United States Marshals Service ("USMS") pursuant to a writ of habeas corpus ad prosequendum for federal proceedings. (*Id.* at 3, 25.)

In June 2021, the United States District Court for the Western District of Texas sentenced Petitioner in Case Number 7:21-CR-00015(1) to a 96-month term of imprisonment for Possession with Intent to Distribute Five Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*Id.* at 3, 28.) The judgment was silent as to whether the federal sentence was to run consecutively or concurrently with any state sentence. (*Id.*) On June 15, 2021, Petitioner was returned to state custody. (*Id.* at 3, 25.) Petitioner remained in state custody for the parole violation until April 26, 2022, when his state sentence was satisfied. On April 26, 2022, Petitioner was released to federal custody to begin serving his federal sentence. (*Id.* at 4, 25).

The Bureau of Prisons ("BOP") determined that Petitioner's federal sentence commenced on April 26, 2022, the date he entered federal custody. (*Id.* at 4, 9, 11.) The BOP calculated a projected release date of February 13, 2029, accounting for 432 days of Good Conduct Time and four days of prior custody credit for January 16-19, 2021, which was not credited toward his state sentence. (*Id.*) In 2022, Petitioner requested a retroactive designation to have his state sentence run concurrently with his federal sentence. (*Id.* at 4.) On October 26, 2022, the BOP sent a letter to the federal sentencing court requesting clarification as to whether Petitioner's federal sentence was intended to run consecutively to or concurrently with Petitioner's state sentence. (*Id.* at 43-44.) On November 7, 2022, the federal sentencing court clarified that Petitioner's federal sentence was intended to run consecutively to his state sentence. (*Id.* at 46.)

In the Petition, Petitioner argues that the BOP incorrectly calculated his federal sentence by failing to grant him credit for time spent in state custody. (Doc. 1 at 8-10.) Respondent filed an Answer (Doc. 14) on July 15, 2025, asserting that Petitioner failed to

exhaust administrative remedies and that the BOP correctly calculated his sentence. Petitioner did not file a Reply and the time to do so has passed.

## II. DISCUSSION

### A. Petitioner's Failure to Exhaust Administrative Remedies Should Not be Excused

Federal prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986). Yet the failure to satisfy the exhaustion requirement is not jurisdictional. *Tucker*, 925 F.2d at 332. The district court has the discretion to excuse the exhaustion requirement if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or cause irreparable injury. *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir. 1993); *United Farm Workers of America v. Arizona Agr. Emp't. Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir. 1983). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir.1990)). Other considerations include (i) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision" and (ii) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Montes*, 919 F.2d at 537.

The BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Before filing a formal administrative grievance, an inmate is to "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue. . . ." 28 C.F.R. § 542.13. A request for informal resolution is submitted using a BP-8 form. *See Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010). The formal grievance system under the Administrative Remedy Program consists of three levels of review:

1. In the first level of review, an inmate files a formal Administrative Remedy Request written on a BP-9 form. The BP-9 form must be submitted to the Warden within 20 calendar days following the date on which the basis for the Request occurred. 28 C.F.R. § 542.14.

2. If an inmate is dissatisfied with the Warden's response, the inmate may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response to the inmate's Administrative Remedy Request. 28 C.F.R. § 542.15.

3. If an inmate is dissatisfied with the Regional Director's response, he or she may appeal to BOP's General Counsel. 28 C.F.R. § 542.15.

In the context of a Section 2241 petition, the Ninth Circuit Court of Appeals has held that a petitioner's failure to exhaust administrative remedies may be excused where continuing the administrative appeal process would be futile. For example, in *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993), the BOP did not give a petitioner credit against her sentence for the seven months she spent under house arrest before her trial. To challenge that determination, the petitioner filed a "Request for Administrative Remedy" (the first formal level of administrative review) with the BOP. *Id*. at 925. The Community Correctional Office denied the petitioner's request, citing to official BOP policy. *Id*. The petitioner then filed a Section 2241 petition. Although the petitioner did not pursue the remaining two levels of administrative review, the Court excused the failure as "the Regional Director would almost certainly have denied [the petitioner's] request as well, citing the same official Bureau of Prisons policy[.]" *Id*.

In *Ward v. Chavez*, 678 F.3d 1042, 1044 (9th Cir. 2012), the BOP deducted and applied a portion of a petitioner's prison wages to the petitioner's restitution obligation pursuant to the Inmate Financial Responsibility Program. The petitioner argued that under the terms of his restitution order, the BOP did not have the authority to collect restitution payments. In challenging the BOP's collection of the payments, the petitioner completed the first level of the BOP's formal administrative review system. *Id*. at 1045.

The warden denied the petitioner's request, citing to official policy. The petitioner then filed a Section 2241 petition. After the district court dismissed the petition for the petitioner's failure to exhaust administrative remedies, the petitioner appealed to the Ninth Circuit Court of Appeals. The Court concluded that the BOP's reliance on official policy showed that further administrative appeals would "unquestionably have been denied." *Id*. at 1046. The Court therefore held that the petitioner's failure to exhaust was excused based on the futility exception. *Id*.

In this case, Petitioner admits that he did not pursue any administrative remedies regarding his claim that the BOP failed to credit time toward his federal sentence. (Doc. 1 at 2-5.) The administrative record confirms that Petitioner has filed no remedies related to his sentence computation. (Doc. 14-1 at 51.) Petitioner argues that exhaustion would be futile because he presumed that the BOP would deny his request. (Doc. 1 at 3-5.) However, unlike the petitioners in *Ward* and *Nunez*, Petitioner did not complete any level of the BOP's formal administrative review process before filing the Petition. The undersigned finds that excusing Petitioner's failure would encourage the deliberate bypass of the BOP's Administrative Remedy Program. Such bypass would not promote judicial efficiency, would deprive the BOP of the opportunity to utilize its agency expertise in addressing inmates' grievances, and would deprive the BOP of the opportunity to correct its own mistakes. *See United Farm Workers of America*, 669 F.2d at 1253 ("The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process.").

Petitioner's conclusory assertion that exhaustion would be futile, without having made any attempt to pursue administrative remedies, is insufficient to excuse the exhaustion requirement. The undersigned recommends that the Court not excuse Petitioner's failure to exhaust administrative remedies. Further, as discussed below,

Petitioner's claim is meritless.

**B. The BOP Properly Calculated Petitioner's Sentence**

After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence "commences"; (ii) whether the defendant should receive credit for time spent in custody before the sentence "commenced"; and (iii) whether the defendant should be awarded credit for good conduct. 18 U.S.C. §§ 3585(a) and (b); 18 U.S.C. § 3621(b); *see also United States v. Wilson*, 503 U.S. 329, 331-33 (1992) (BOP determines credit issues, not the district courts). Determination of the commencement date of a federal prisoner's sentence, as well as credit for prior custody, is governed by 18 U.S.C. § 3585:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585; *see also Thomas v. Brewer*, 923 F.2d 1361, 1369 (9th Cir. 1991); *United States v. Segal*, 549 F.2d 1293, 1301 (9th Cir. 1977) ("a federal term cannot begin until a prisoner has been received by federal authorities."); *United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence.").

Pursuant to 18 U.S.C. § 3621(b), the BOP may designate a state prison as the

place of service of a federal sentence, and it may make that designation *nunc pro tunc*. "Thus, when a person subject to a federal sentence is serving a state sentence, the [BOP] may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Setser v. United States*, 132 S.Ct. 1463, 1467-68 (2012). However, "a designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement § 5160.05(8). Courts give the BOP considerable deference in determining whether to grant such requests. As explained by the Ninth Circuit: "a designation by the BOP is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002), *abrogated on other grounds by Setser v. United States*, 132 S.Ct. 1463 (2012).

Here, Texas state authorities arrested Petitioner on January 16, 2021 and placed Petitioner in state custody. (Doc. 14-1 at 3.) From January 25, 2021 to June 15, 2021, Petitioner was temporarily transferred to federal custody under a writ of habeas corpus ad prosequendum for federal proceedings. (*Id.* at 3.) This temporary transfer did not alter Texas' primary jurisdiction. *See Thomas*, 923 F.2d at 1366-68. On June 11, 2021, the United States District Court for the Western District of Texas sentenced Petitioner to a 96-month term for Possession with Intent to Distribute Methamphetamine. (Doc. 14-1 at 28.) As mentioned, the judgment was silent on whether the federal sentence was concurrent to or consecutive with any state sentence. (*Id.*) Petitioner returned to state custody on June 15, 2021. (*Id.* at 3.) On April 26, 2022, Petitioner satisfied his Texas state sentence and Petitioner was released to federal custody. (*Id.* at 3-4.)

The BOP determined that Petitioner's federal sentence commenced when he entered federal custody on April 26, 2022. (*Id.* at 4.) The BOP awarded four days of prior custody credit for January 16-19, 2021, which was not credited toward Petitioner's

state sentence. (*Id.* at 5.) However, the period of time from January 20, 2021 to April 25, 2022 was credited toward Petitioner's state parole violation sentence. (*Id.* at 5.) Respondent correctly asserts in his Answer (Doc. 14 at 8-9) that such time cannot be double-credited to Petitioner's federal sentence under § 3585(b). *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."). On November 7, 2022, the federal sentencing judge clarified that Petitioner's federal sentence was intended to run consecutively to Petitioner's state sentence. (Doc. 14-1 at 46.)

The BOP calculated a projected release date of February 13, 2029, which accounts for 432 days of Good Conduct Time and the four days of prior custody credit. (*Id.* at 4.) The undersigned finds that the BOP correctly calculated Petitioner's federal sentence. It is recommended that the Court deny the Petition (Doc. 1).

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of

the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 26th day of August, 2025.

*Eileen S. Willett*
United States Magistrate Judge